UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re: )
 )
RICHARD W. TEGETHOFF, )
 )
    Debtor, )
_____
 )
RICHARD W. TEGETHOFF, )
 )
    Appellant, )
 )
vs. ) Case No. 4:10-CV-519 (CEJ)
 )
THE INTERNAL REVENUE SERVICE, )
 )
    Appellee. )

## MEMORANDUM

This matter is before the Court on appeal from a bankruptcy court order overruling debtor's objections to a claim made by the Internal Revenue Service. The IRS opposes debtor's objections, and the issues have been fully briefed.

### I. Background

On November 28, 1990, debtor signed an installment agreement to pay the IRS $400.00 per month for tax debts incurred in 1987, 1988 and 1989 totaling $45,267.58 (the "Installment Agreement"). The Installment Agreement also provided for an interest rate of 11% in accordance with IRS policy at the time. Debtor also signed a Form 900 Tax Collection Waiver (the "Waiver") in which debtor consented to extending the IRS' statute of limitations for the collection of debtor's tax debt until December 31, 2019. In connection with the execution of the Installment Agreement, the IRS also filed a Federal Tax Lien in St. Louis County for the tax period ending December 31, 1989. This lien was re-filed on April 21, 2000. On July 17, 2008 debtor sold property

located at 7417 Whitehaven Drive, St. Louis, Missouri; the sale yielded gross proceeds in the amount of $277,500.00. Of that amount, $52,747.92 is held in escrow to satisfy the federal tax lien. Although debtor has remained current on the monthly payments due under the Installment Agreement, the IRS claims that he still owes $45,666.53 in accrued interest and principal for unpaid taxes incurred prior to December 31, 1989.

Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on July 2, 2008. The IRS filed a proof of claim in the bankruptcy proceeding for outstanding tax liability in the amount of $45,666.53. Debtor filed an objection the IRS claim on February, 11, 2009. On January 26, 2010, the United States Bankruptcy Court for the Eastern District of Missouri issued an order overruling debtor's objections to the IRS claim. The bankruptcy court determined that, given the uncontested facts, the installment agreement and consent to extension of the statute of limitations on collection executed in 1990 are valid, and thus, debtor's objections lacked merit. Debtor appeals the January 26, 2010 order.

## II. Jurisdiction and Legal Standard

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). Debtor filed a timely notice of appeal on February 23, 2010, electing to have the appeal heard by the district court, as provided in 28 U.S.C. § 156(c)(1) and Fed. R. of Bankr. P. 8001(e).

"When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error." Fix v. First State Bank of Roscoe, 559 F.3d 803, 808 (8th Cir. 2009) (quoting In re Fairfield Pagosa, Inc., 97 F.3d 247, 252 (8th Cir.1996). Determinations regarding equitable relief are reviewed

for abuse of discretion. In re Nat'l Warranty Ins. Risk Retention Group, 384 F.3d 959, 962 (8th Cir.2004). "An abuse of discretion occurs when a relevant factor that should have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all proper and no improper factors are considered, but the court in weighing those factors commits a clear error of judgment." Id. (quoting United States v. McNeil, 90 F.3d 298, 300-01 (8th Cir. 1996)). "A 'court's decision will not be disturbed as long as it is within the range of discretion afforded to a given determination and is not influenced by a mistake of law.'" Id. (also quoting McNeil, 90 F.3d at 300-01).

### III. Discussion

The relevant facts in this matter are not in dispute. However, debtor advances three theories to support his contention that the bankruptcy court's denial of his objections to the IRS claim was based upon legal error. As a last resort, debtor also alleges that the bankruptcy court abused its discretion in refusing to invalidate the IRS' claim on equitable grounds. For the reasons set forth below, debtor's arguments on appeal lack merit and bankruptcy court's January 26, 2010 order will be affirmed.

### A. Agreement and Waiver Were Valid When Executed

In the first legal error alleged by debtor, he claims that the Installment Agreement and Waiver were invalid under the statutes and IRS policies in place at the time of execution. Debtor argues that the bankruptcy court improperly determined that the IRS could not accept partial payments in 1990 and that the bankruptcy court relied upon this error in determining that the 19-year extension on the statute of limitations for collection was reasonable. The IRS also devotes a substantial portion of its appellate brief to clarifying whether it could or could not accept partial payment

installment plans in 1990. However, neither party has shown that this issue is germane to the issue of the reasonableness of the Waiver.

Regardless of whether the bankruptcy court's conclusions about partial repayments under the 1990 tax law are erroneous, it is clear that the Installment Contract entered into between the parties was valid and the Waiver extending the statute of limitations was reasonable. At the time of execution, a taxpayer could enter into a written agreement to make periodic payments until the amount owed was paid in full. See 26 U.S.C. § 6159(a) (1989). In connection with an installment agreement, the IRS could request that the taxpayer execute a waiver extending the statute of limitation on collection of a tax debt so long as that extension was reasonable. See 26 C.F.R. § 301.6159-1 (1990). There is little authority on what might constitute an unreasonable extension of the statute of limitations, but the 19-year extension at issue here is similar to another waiver that was considered reasonable by the U.S. Tax Court. See Jordan v. C.I.R., 134 T.C. No. 1, n.5, 2010 WL 92479 (U.S. Tax Ct. 2010) (collection of 1989 tax debt reasonable through 2010 based upon Form 900 waiver). Debtor provides no relevant authority supporting his contention that the Waiver executed in 1990 was unreasonable or otherwise invalid, and the bankruptcy court was correct in overruling his objection on this point.

A closer look at the economic terms of the Installment Agreement further shows why debtor's claim of unreasonableness lacks merit. The Installment Contract entered into by debtor provided for essentially interest only payments. Indeed, debtor claims that it would require 172 years to pay off his 1988 and 1989 tax liability at the monthly rate provided under the terms of the Installment Agreement. (Doc. #7-1 at 4). Thus, extending the statute of limitations on collection until 2019 was effectively a *partial*

repayment plan. In spite of these generous terms, debtor goes to great lengths to show why he should now be excused from the interest that accrued under the Installment Agreement. However, debtor has not alleged that anything in the Installment Agreement prevented him from paying off his tax debt at a faster rate to reduce accrued interest. Nor does he claim that the interest rate charged under the Installment Agreement was improper. Thus, debtor's complaints about the length of the waiver and the amount he will end up paying under the Installment Agreement in relation to his original tax debt are unpersuasive.

Any remaining doubt as to the correctness of this outcome is dispelled by the fact that both parties relied upon the 1990 Installment Agreement and Waiver for *18 years* without complaint. See Jordan, 134 T.C. No. at 6 (The Government "relied on the waiver and should not now be deprived of his bargain of a longer collection period when petitioners received the benefit of a longer time to pay." Id. (citing Cary v. Commissioner, 48 T.C. 754, 763, 1967 WL 985 (1967))). Having taken advantage of the terms of the Installment Agreement, debtor cannot now seek to repudiate the Waiver that the IRS relied upon in approving his payment plan.

B.   Retroactive Application of Current Tax Law and Policy

Next, debtor argues that even if the Agreement and Waiver were valid in November of 1990, the bankruptcy court should have found the Installment Agreement and Waiver unreasonable and invalid based upon a retroactive application of subsequent legislation and changes in IRS policy. In support of this argument, debtor cites to Congressional Committee Reports, speeches made by legislators, and other legislative history materials from the 1998 and 2004 tax code amendment acts.[1] (Doc.

---

[1] See 26 U.S.C.A. § 6501.

#7 at 19-20). He also cites to current IRS policy disfavoring long extensions of the statute of limitations on collection. Id. at 20-21. However, as correctly determined by the bankruptcy court, retroactive application of any changes in the tax law which would benefit debtor's case here are specifically precluded by clear statutory language and the persuasive authority cited by debtor was properly excluded from consideration. See Northern States Power Co. v. United States, 73 F.3d 764, 766 (8th Cir. 1996) ("[W]hen, as here, the statutes are straightforward and clear, legislative history and policy arguments are at best interesting, at worst distracting and misleading, and in neither case authoritative.").

The current statute of limitations on collection of a tax debt is ten years following assessment. 26 U.S.C. § 6502(a)(1) (2009). Prior to 1990, the statute of limitations was six years. 26 U.S.C. § 6502(a)(1) (1989). It is undisputed that the IRS would not have requested a 29-year waiver under today's legislation and IRS policy. See I.R.M. §5.1.19.6 (2009) (length of extension cannot exceed six years). However, as amended by the Internal Revenue Service Restructuring and Reform Act of 1998, the Tax Code provides that only waivers executed after December 31, 1999 were affected by these changes. Specifically, Section 3461(c) of the 1998 amendment provided that,

> (2) Prior Request.— If, in any request to extend the period of limitations made on or before December 31, 1999, a taxpayer agreed to extend such period beyond the 10-year period referred to in section 6502(a) of the Internal Revenue Code of 1986, such extension shall expire on the latest day of—
>     (A) the last day of such 10-year period;
>     (B) December 31, 2002; or
>     (C) in the case of an extension in connection with an installment agreement, the 90th day after the end of the period of such extension.

U.S.C. § 6501 (2009); Section 3461(c) of Pub.L. 105-206. As such, this waiver, executed in connection with an installment agreement prior to December 31, 1999, is

not affected by subsequent changes in the tax code and the statute of limitations for collection of debtor's tax pre-1990 tax liability expires 90 days after December 31, 2019. See Jordan, 134 T.C. No. at 6 (applying Section 3461(c) of the 1998 law in similar circumstances and quoting Joy v. C.I.R., T.C. Memo. 2008-197, 2008 WL 3895998 (U.S. Tax Ct. 2008)).

### C. Effect of Contract Principals on Agreement and Waiver Validity

In his last allegation of legal error, debtor claims that the bankruptcy court erred by failing to find the Installment Agreement and Waiver invalid based on unconscionability. But, as noted by the IRS, debtor did not raise this argument in his objection to the bankruptcy court's January 26, 2010 order. Nor has he claimed that exceptional circumstances prevented him from doing so. See Dubinsky v. Mermart, LLC, 595 F.3d 812, 819 (8th Cir. 2010). As such, debtor has not preserved an objection based upon this argument this Court will not consider whether the Installment Agreement and Waiver are unconscionable.

### D. Denial of Equitable Remedy

Finally, debtor asserts that the bankruptcy court erred by failing to exercise its equitable power to find the Installment Agreement and Waiver invalid. The IRS, however, argues that the bankruptcy court did not err in declining to exercise its equitable powers because invalidating the Waiver would have gone against the retroactivity provisions of the Internal Revenue Code. The bankruptcy court did not address debtor's request for equitable relief in its January 26, 2010 order.

The Court finds that debtor's requested equitable relief is inconsistent with both the Bankruptcy Code and Internal Revenue Code and the bankruptcy court did not abuse its discretion by declining to grant debtor's requested equitable relief. Although

a bankruptcy court is "essentially a court of equity, its broad equitable powers may only be exercised in a manner which is consistent with the provisions of the Code." Johnson v. First Nat. Bank of Montevideo, Minn., 719 F.2d 270, 273 (8th Cir. 1983). As discussed above, the 1998 amendment specifically excluded waivers executed prior to December 31, 1999 in connection with an installment agreement from being retroactively affected by subsequent length limitations. And the IRS' reliance upon the Waiver also precludes invalidation on equitable grounds. See Jordan, 134 T.C. No. at 6. Finally, the economic terms of the Installment Agreement and Waiver, which essentially provided for 29 years of interest only payments, leave debtor little room to claim that the bankruptcy court should have invalidated the Waiver on equitable grounds.

IV. Conclusion

Based upon the foregoing, the Court concludes that United States Bankruptcy Court for the Eastern District of Missouri correctly overruled debtor's objections the IRS' claim for unpaid taxes in its January 26, 2010 order. Therefore, the order will be affirmed.

.

                                                  CAROL E. JACKSON  
                                                UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2011.